# DECISIONS

OF THE

# COURT OF APPEALS

## OF KENTUCKY.

FALL TERM....1843.

---

## Commonwealth *versus* Kirk.

ERROR TO THE MASON CIRCUIT.

*Gaming. Elections.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

INDICTMENT.

*Case* 1.

*Sept. 5.*

The case stated.

THIS is an indictment against Kirk for betting upon the election of 1842, held for the election of members to the Legislature, from Mason county. The specification is, that he did wager and bet a horse, with one William B. Parker, that Richard G. Dobyns, who was then a candidate, would not receive six hundred and fifty votes for Representative of said county, at the ensuing August election. The Circuit Court quashed the indictment, and the Commonwealth has brought the case here.

The statute of 1842, (*Stat. Law of Ky.* 478,) provides "that if any person shall wager or bet any sum of money or other thing, upon the election of any of the officers aforesaid, (among whom are members of the General Assembly,) within six months next before said election, he shall forfeit and pay the sum of one hundred dollars, to be recovered by indictment."

The object of this statute was to protect the right of suffrage; to preserve the purity of the elective franchise,

Betting on an election does not necessarily mean

VOL. IV.                                    1

a betting on the success of either candidate, but a bet or wager on or about, or in relation to the election to be held, by which undue exertions may be stimulated to operate upon or embarrass or influence the voting.

and to secure perfect freedom and impartiality in the exercise of this inestimable right. Such construction should be given to the statute, as will accomplish the object intended. An election is the voting and the taking of the votes of the citizens for members to represent them in the General Assembly or other public stations, and a wager or bet "upon the election," does not necessarily mean only a bet or wager on the *success* of either candidate, but a bet or wager on or about, or in relation to the election to be held for those officers, in any form, by which undue exertions may be stimulated to operate upon, influence or control the free and unbiassed exercise of the right of voting. To bet that one man, who is a candidate, will or will not obtain so many votes, is a bet that may stimulate to undue and improper exertions, and to partial and interested voting, and produce all the evil consequences which a bet on the success of any one candidate may produce. Indeed, if the number of votes it is bet that he will or will not obtain, is enough to elect him, it is a bet, in effect, that he will be elected, or if less than the number necessary to elect, it is, in effect, a bet that he will not be elected.

We think, therefore, that the bet is a wager, and bet within the evil contemplated by the statute, and intended to be suppressed, if not within the express letter, and the indictment is in apt form.

The judgment of the Circuit Court is, therefore, reversed, and cause remanded, that further proceedings may be had.

*Cates, Attorney General*, for Commonwealth.

